CADILLAC STATE BANK *v.* WEXFORD CIRCUIT JUDGE.

ATTORNEY AND CLIENT—AUTHORITY — REPRESENTATION OF GARNISHEE—CASE MADE.

That the attorney who appears in behalf of a garnishee and excepts to judgment being entered against the garnishee has hitherto acted as attorney for the principal defendant, and is not the regularly retained attorney for the garnishee, a bank, is no reason why the circuit judge should refuse to make a finding of facts and law at the request of such attorney, or refuse to settle and sign a case made on like request.

Mandamus by the Cadillac State Bank to compel Clyde C. Chittenden, circuit judge of Wexford county, to sign a case made. Submitted January 10, 1905. (Calendar No. 20,890.) Writ granted February 27, 1905.

*D. E. McIntyre* (*E. F. Sawyer*, of counsel), for relator.

*Fred S. Lamb*, for respondent.

OSTRANDER, J. The material facts in this matter are that on February 4, 1904, one John L. Rathman recovered judgment in the circuit court for the county of Wexford against Richard H. Tuttle and Len Starks, copartners as R. H. Tuttle & Co., for $166.72 damages and $48.35 costs. This judgment is unappealed from and unsatisfied. On the 1st day of March, 1904, at the suit of the same plaintiff, a writ of garnishment issued out of the same court, directed to the sheriff of Wexford county, against the relator, as garnishee of R. H. Tuttle & Co., the defendants in the principal action. To this writ the cashier of the Cadillac State Bank made disclosure, in which he stated that the books of the bank showed a credit balance in favor of R. H. Tuttle & Co. in the sum of $250; that as to whether that money was the property of Richard H. Tuttle and Len Starks he was not able to state, but says that he is informed, and has reason to believe, that the money is the property of the L. Starks Company, of Grand Rapids, Mich., a corporation, and is claimed by the L. Starks Company as the property of that company. He further states that the relator, the Cadillac State Bank, had no other property, money, goods, chattels, or effects in its hands or under its control belonging to said R. H. Tuttle & Co., or to Richard H. Tuttle, or to Len Starks, nor at the time of the service of the writ was it indebted to R. H. Tuttle & Co. or Richard H. Tuttle and Len Starks further than set forth.

With the filing of this disclosure, which was made April 1, 1904, all proceedings in the garnishment suit stopped until September 27, 1904, when plaintiff in the primary action moved the court to render judgment against the Cadillac State Bank as garnishee upon the affidavit for garnishment and the disclosure filed, basing his motion on the files and records in the case of *Rathman* v. *R. H. Tuttle & Co.* and the files and records in the garnishment proceeding. This motion was noticed for hearing on the 8th of October, was brought on to be heard on that day, and rendition of judgment was objected to on the part of the Cadillac State Bank by E. F. Sawyer, its attorney, for the reason that the disclosure was conditional, and not absolute, and that without an issue framed under the statute, and tried, the bank would not be protected against the demand of any proper claimant for the money. The court, overruling this objection, ordered judgment entered, and judgment was on the 8th day of October entered against the Cadillac State Bank, garnishee defendant, for the sum of $222.16, the amount of the judgment in the primary case and costs and interest at 5 per cent., and also a motion fee of $10.

After the judgment was rendered, a stay of 80 days was allowed by the court to enable the relator, the garnishee defendant, to review the proceedings in this court, and the necessary supersedeas bond was filed. Relator desired to present the case in this court on a case made after judgment, and to that end prepared a "case" and noticed the application for settlement upon the attorney for the plaintiff in the primary case, but the same was carried along from time to time until December 6th, when it was taken up and argued. The circuit judge declined to sign the case made because there was no finding of facts or of law, and because none had been requested by either party, and thereupon the attorney for relator prepared a short finding of facts and a conclusion of law, which, on the 8th of

December, was presented to the court with the request that he sign the same or amend them.   So far the facts are undisputed.

The answer of the respondent sets out the following additional facts:   He denies that on the 8th of October the garnishee defendant appeared and objected to any judgment being rendered against it, but admits that E. F. Sawyer, who claimed to be there for the Cadillac State Bank, but had at all times theretofore been the attorney for Richard H. Tuttle, and tried the main case for R. H. Tuttle & Co., argued the matter; says that Mr. Sawyer is not the regular attorney for the bank, had never entered his appearance as attorney for the Cadillac State Bank. He denies that upon rendering judgment in the garnishment case the Cadillac State Bank, by its counsel, excepted, and says that the Cadillac State Bank, relator, by its counsel, made no request for findings of facts and law. He says he refused to sign the case made presented to him for settlement because there was no finding of fact or law made; that the attorney for the plaintiff in the primary cause objected to the settlement because there were no findings of fact and law; that he stated to the attorneys at that time that there should be a request filed asking for a finding of facts and law upon which the court could act, and that no such request has been filed by either party. He admits that a purported statement of facts and law was presented to him, and he refused to sign those findings, or any others, at that time, and says that the bank, relator, has never requested him to make any findings except as presented by E. F. Sawyer as aforesaid.   He assigns as a further reason for not signing the findings of fact and law that there was a judgment standing against R. H. Tuttle & Co., and that he would not evade the rules of the court in order to assist R. H. Tuttle & Co. in avoiding payment of an honest judgment.   He admits that the proposed "case" attached to relator's petition is the one presented to him for signature on the 6th of December, 1904; admits that the purported finding of facts and law

139 Mich.—9.

so attached to the petition is the one presented to him for his signature on the 8th of December, 1904.

There are various other papers on file in connection with this proceeding, among them the copy of the stenographer's minutes as to what took place upon the occasion of settling the answer of respondent. It is not considered.

There was no trial of the garnishment case. There was a judgment, based upon the files and records of the court. There is no reason why the relator, the garnishee defendant, should not test the validity of this judgment in this court, and by a case made if he prefers that practice. There is no reason shown why the court should not have settled and signed the case made which was proposed to him by counsel for relator.

A writ of mandamus will issue as prayed.

Moore, C. J., and Carpenter, Montgomery, and Hooker, JJ., concurred.